UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VERIFY SMART CORP.,<br><br>                    Plaintiff,<br><br>          v.<br><br>SALESFORCE.COM, INC.,<br><br>                    Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Verify Smart Corp. ("Verify") demands a jury trial and complains against Defendant Salesforce.com, Inc. ("Salesforce"), and states as follows:

**THE PARTIES**

1.      Verify is a corporation organized and existing under the laws of the State of Nevada, conducting business in this judicial district.

2.      On information and belief, Salesforce is a California corporation with its headquarters located at The Landmark at One Market, Suite 300, San Francisco, CA 94105, and conducts business in this judicial district.

**JURISDICTION AND VENUE**

3.      This action arises under the patent laws of the United States of America, Title 35 of the United States Code.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4.      Verify is informed and believes, and based thereon alleges, that Salesforce is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENT**

6.      On October 9, 2012, U.S. Patent No. 8,285,648 ("the '648 patent") was duly and legally issued to Dan Scammell ("Scammell") for an invention entitled "System and Method for Verifying A User's Identity In Electronic Transactions".  On May 23, 2011, Scammell assigned all right, title and interest in and to the '648 patent to Colleen Scammell ("C. Scammell").  On July 8, 2015, C. Scammell assigned all right, title and interest in and to the '648 patent to Assured Mobile Technologies LLC ("Assured").  Thereafter, on July 8, 2015, Assured assigned all right, title and interest in and to the '648 patent to Verify.  A copy of the '648 patent is attached to this Complaint as Exhibit 1.

7.      The '648 patent is directed to novel systems and methods of verifying the identity of consumers initiating electronic transactions to provide enhanced security for such transactions. Verify is informed and believes, and based thereon alleges, that Salesforce makes, uses, tests, markets and sells or otherwise provides a two-factor authentication system and method  enabling its users of its services and products to authenticate their identity when initiating an electronic transaction, using a one-time pass-code sent to the user's mobile phone (hereinafter "2FA Feature").

8.      Claim 2 of the '648 Patent claims a system for verifying the identity of a user seeking to initiate an electronic transaction by sending an identity verification request from a verifier to a user communications device, having the user enter a response to the request into the user communications device and transmit the response to the verifier, comparing the response to the request, and if they match allowing the electronic transaction to proceed.

9.    Claim 3 of the '648 Patent is directed to the same system as Claim 2 with the added feature that the user communications device is a personal communications device such as a mobile phone.

10.    Claim 5 of the '648 Patent claims a method for verifying the identity of a user seeking to initiate an electronic transaction by sending an identity verification request to a user communications device having a user access number stored in a database accessible to the verifier, having the user enter into the user communications device a response to the request and transmit the response to the verifier, comparing the response to the request, and if they match allowing the electronic transaction to proceed.

11.    Claim 6 of the '648 Patent is directed to the same method as Claim 5 with the added requirement that the comparison is performed by the verifier.

12.    Claim 7 of the '648 Patent is directed to the same method as Claim 5 with the added requirement that software be downloaded to the user communications device.

13.    Claim 9 of the '648 Patent is directed to the same method as Claim 7 with the added requirement that the downloaded software is used to transmit the response to the identity verification request.

14.    Claim 10 of the '648 Patent is directed to the same method as Claim 7 with the added requirement that the downloaded software is used to receive the identity verification request, format the request for display on the user communications device, and display the request on the user communications device.

15.    Claim 19 of the '648 Patent is directed to the same method as Claim 5 with the added requirement of that a device identifier for the user communications device is stored in a database accessible to the verifier, the device identifier is retrieved from the database, a

communications link is opened with the user communications device, and the device identifier retrieved from the database is compared with the device identifier obtained from the user communications device when the communications link is opened wherein if the device identifiers match the electronic transaction is allowed to proceed.

16.     Verify's predecessors-in-interest sought to commercialize the invention claimed by the '648 Patent and obtained favorable feedback about the invention from various potential clients.  In spite of the favorable reviews, Verify was unable to obtain sufficient investment capital to commercialize the invention.

17.     Verify's investigation led it to conclude that numerous market participants are now offering or using verifications systems and methods that perform the functions claimed by the '648 Patent.  The presence of these more established market participants offering or using infringing products and services prevented Verify from successfully entering the market.

### SALESFORCE'S INFRINGING SYSTEM AND METHOD

18.     Salesforce is a cloud computing company offering products and services directed to customer relationship management.  *See* Salesforce, https://en.wikipedia.org/wiki/Salesforce.com (last visited Mar. 16, 2016).

19.     Salesforce's  2FA Feature "is a more secure method to prove a user's identity and protect access to your Salesforce org. SMS-based 2FA requires your users to provide their password as well as an One-Time Password (OTP) code they received on their mobile device as additional proof of identity."  *See* Implementing SMS-based Two-factor Authentication, https://developer.salesforce.com/page/SMS-2FA (last visited Mar. 16, 2016).

20.     Salesforce provides instructions directly to its users to enable and use the 2FA Feature.  *See*  Implementing  SMS-based  Two-factor  Authentication,

https://developer.salesforce.com/page/SMS-2FA (last visited Mar. 16, 2016).

21.     These instructions teach and suggest to use the 2FA Feature in a way that infringes at least Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 patent.

22.     Salesforce's 2FA Feature uses two factor authentication to verify the identity of its users in the manner set forth in the '648 Patent.   Salesforce's 2FA Feature performs the system and methods claimed by the '648 Patent.

## COUNT I
## DIRECT INFRINGEMENT

23.     Verify repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 22 above.

24.     As a result of making, using, testing, marketing, and selling services and products with the 2FA Feature, Salesforce has directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent literally and/or under the doctrine of equivalents.   As set forth *supra*, the 2FA Feature is specifically designed to perform each and every step set forth in Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent and each use of the system or method will result in infringement of at least one claim of the '648 Patent.

25.     Salesforce has willfully infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the '648 Patent.

26.     Verify has suffered damages as a result of Salesforce's direct infringement of the '648 Patent.

## COUNT II
## INDIRECT INFRINGEMENT

27.     Verify repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 26 above.

28.     Salesforce's 2FA Feature is particularly adapted for use in a manner that infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent.  Specifically, as alleged *supra*, Salesforce's service is designed to allow users to verify their identity when initiating an electronic transaction by entering as part of the log on process a code received as an SMS message on their mobile phone.

29.     Salesforce has been aware of the '648 Patent since at least the filing date of this Complaint, and upon information and belief was aware, or should have been aware, before such date, that the use of its 2FA Feature constitutes direct infringement of the '648 Patent.

30.     In spite of its knowledge of the '648 Patent, Salesforce has continued to offer its 2FA Feature to its users and has continued to instruct them on how to use this feature in a manner that infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent.

31.     Upon information and belief, at least one of Salesforce's customers has used the 2FA Feature in a manner that infringes the '648 Patent since Salesforce became aware of the '648 Patent.

32.     Salesforce indirectly infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by inducing others to use its 2FA Feature in a manner that directly infringes the asserted claims. Salesforce provides its 2FA Feature to the public and instructs them on how to use it, including by instructing the use of each of the features claimed by the '648 Patent.  Salesforce has induced these infringing uses with full knowledge of the '648 Patent and with full knowledge that the use of its 2FA Feature as directed constitutes infringement of the '648 Patent.

33.     Salesforce indirectly infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by contributorily infringing the patent through the sale of its service with the 2FA Feature.  Users that purchase the service with the 2FA Feature directly infringe the '648 Patent through the use of the feature.  Salesforce sells and offers for sale its service with the 2FA Feature whose use performs the patented system and method.  The 2FA Feature is not a staple article of commerce and is not capable of substantial non-infringing uses.  Salesforce has sold its service with full knowledge of the '648 Patent and with full knowledge that the use of its 2FA Feature constitutes infringement of the '648 Patent.

34.     Verify has suffered damages as a result of Salesforce's indirect infringement of the '648 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Verify prays for judgment against Defendant Salesforce on all the counts and for the following relief:

A.     Declaration that Verify is the owner of the right to sue and to recover for infringement of the '648 Patent being asserted in this action;

B.     Declaration that Salesforce has directly infringed, actively induced the infringement of, and/or contributorily infringed the '648 Patent;

C.     Declaration that Salesforce and its customers are jointly or severally responsible for the damages from infringement of the '648 Patent through the use of the 2FA Feature;

D.     Declaration that Salesforce is responsible jointly or severally with its customers for the damages caused by the infringement of the '648 Patent through the use of the 2FA Feature by Salesforce's customers;

E.      An accounting for damages under 35 U.S.C. § 284 for infringement of the '648

        Patent by Salesforce, and the award of damages so ascertained to Verify together

        with interest as provided by law;

F.      Award of Verify's costs and expenses;

G.      Award of Verify's attorney fees; and

H.      Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Verify demands a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (ID #37451989)
Zimmerman, Weiser & Paray LLP
233 Watchung Fork
Westfield, New Jersey 07090
Tel:  (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com

Attorneys for Plaintiff Verify Smart Corp.

Dated: March 15, 2016